# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA HOSPITAL & HEALTH CARE EMPLOYEES – DISTRICT 1199C TRAINING AND UPGRADING FUND and CHERYL FELDMAN, Executive Director<br>100 South Broad Street, 10th Floor<br>Philadelphia, PA 19110<br><br>Plaintiffs,<br><br>v.<br><br>INNOVA ATLANTIC WH OPERATIONS LLC d/b/a DEPTFORD CENTER FOR REHABILITATION AND HEALTHCARE a/k/a CENTERS FOR SPECIALTY CARE-DEPTFORD<br>1511 Clements Bridge Road<br>Deptford, NJ 08096<br><br>and<br><br>INNOVA ATLANTIC WH OPERATIONS LLC d/b/a HAMMONTON CENTER FOR REHABILITATION AND HEALTHCARE a/k/a CENTERS FOR SPECIALTY CARE-HAMMONTON<br>43 N. White Horse Pike<br>Hammonton NJ 08037<br><br>Defendants. | CIVIL ACTION<br><br>No.: |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendants as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 185(a), 29 U.S.C. §1132, 29 U.S.C. §1145 and the pendent jurisdiction of the Court.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the United States District Court for the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4. Plaintiff Philadelphia Hospital & Health Care – District 1199C Training and Upgrading Fund ("Training Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Training Fund is administered at the address listed in the caption.

5. Plaintiff Cheryl Feldman ("Feldman") is the Executive Director and fiduciary with respect to the Fund within the meaning of 29 U.S.C. § 1002 (21) with a business address as listed in the caption. She is authorized to bring this action on behalf of all Trustees of the Training Fund.

6. Defendant, Innova Atlantic WH Operations, LLC d/b/a Deptford Center for Rehabilitation and Healthcare a/k/a Centers for Specialty Care - Deptford ("Deptford Center") is a limited liability company and is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11) and (12) with a business address listed in the caption and headquarters at 4770 White Plains Road Bronx, NY 10470.

7. Defendant, Innova Atlantic WH Operations, LLC d/b/a Hammonton Center for Rehabilitation and Healthcare a/k/a Centers for Specialty Care - Hammonton ("Hammonton Center" or collectively known with "Deptford Center" as "Employers") is a limited liability company and is an employer in an industry affecting commerce with the meaning of 29 U.S.C.

§§ 152 (2), (6) and (7), 1002(5), (11) and (12) with a business office listed in the caption and headquarters at 4770 White Plains Road Bronx, NY 10470.

## FACTS

8. At all times relevant to this action, Employers were party to collective bargaining agreements with the National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, District 1199C ("Labor Contracts"). Employers have the same owner and work under the same collective bargaining agreement. A true and correct copy of the collective bargaining agreement is hereto attached as Exhibit 1.

9. The Employers also agreed to abide by the terms of the Declaration of Trust of the Funds as from time to time amended ("Trust Agreement") made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

10. Under the Labor Contract or Trust Agreements the Employers agreed:

(a) To make full and timely payments on a monthly basis to the Fund as required by the labor Contracts or Trust Agreement;

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract or Trust Agreement;

(c) To produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of the Employers' records concerning its obligations to the Fund; and

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of the Employers' failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

11. A compliance audit was conducted of the Employers for the period from September 1, 2012 through December 31, 2013. The audit report revealed that the Employers owed $39,881.50.

12. The Fund provided a copy of the audit report to the Employers. The Employers reviewed the audit report. The Employers are disputing that they owes the entire $39,881.50. However, in an e-mail to Fund Counsel, Employers conceded that it did owe a total of $10,278.24. To date, the Employers have failed to pay any of the audited amount owed, including the amount that they admitted was owed.

## COUNT I
## CONTRIBUTIONS UNDER CONTRACT – SUM CERTAIN

13. The allegations of Paragraphs 1 through 12 are incorporated by reference as if fully restated.

14. Deptford Center owes the Fund at least the sum of $23,407.67 for outstanding amounts revealed in an audit of the Employer for years 2012 and 2013. A true and correct copy of the audit and outstanding amount is attached as Exhibit 2.

15. Hammonton Center owes the Fund at least the sum of $16,473.83 for outstanding amounts revealed in an audit of the Employer for years 2012 and 2013. A true and correct copy of the audit and outstanding amount is attached as Exhibit 2.

16. The Employers have not paid the Fund as required by the Labor Contract or Trust Agreements based as demonstrated by the audit report.

WHEREFORE, Plaintiffs ask that the Court:

(a) Enter judgment against the Employers and in favor of the Fund for at least the sum of $39,881.50, plus any additional amounts which are found to be due and owing during the

pendency of this litigation, including liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II
## CONTRIBUTIONS UNDER ERISA – SUM CERTAIN

17. The allegations of Paragraph 1 through 16 are incorporated by reference as if fully restated.

18. Defendants have failed to pay at least the sum of $39,881.50 to the Fund in violation of 29 U.S.C. § 1145.

19. The Fund has been damaged by the Employers' violation of 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs ask that the Court:

(a) Enter judgment against the Employers in favor of the Fund for at least the sum of $39,881.50, plus any additional amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed by 26 U.S.C. § 6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                Respectfully submitted,

                FREEDMAN AND LORRY, P.C.

Date: December 18, 2017    BY: _____
                                       SUSAN A. MURRAY (ID NO. 53036)
                                       1601 Market Street, Suite 1500
                                       Philadelphia, PA 19103
                                       (215) 925-8400
                                       Attorneys for Plaintiffs